COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: BD-2021-076

IN RE: DAVID V. SHABLIN

<u>JUDGMENT ACCEPTING AFFIDAVIT OF</u>
<u>RESIGNATION AS A DISCIPLINARY SANCTION</u>

This matter came before the Court, Kafker, J., on an Affidavit of Resignation pursuant to S.J.C. Rule 4:01, § 15, submitted by David V. Shablin, with a letter dated October 26, 2021 to general counsel of the Board of Bar Overseers (Board) from assistant bar counsel requesting a recommendation from the Board that the Supreme Judicial Court accept the affidavit of resignation as a disciplinary sanction, along with the Recommendation and Vote of the Board filed on December 1, 2021.

Upon consideration thereof, it is ORDERED and ADJUDGED that:

1. The Affidavit of Resignation of David V. Shablin be and herby is, accepted as a disciplinary sanction and the lawyer's name is stricken from the Roll of Attorneys. In accordance with S.J.C. Rule 4:01, § 17(3), the resignation shall be effective thirty (30) days after the date of the entry of this Judgment. The lawyer, after the entry of this Judgment, shall not accept any new retainer or engage as a lawyer for another in any new case or legal matter of any nature. During the period between the entry date of this Judgment and its

effective date, however, the lawyer may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Judgment, the lawyer shall:

a) file a notice of withdrawal as of the effective date of the resignation with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Judgment, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b) resign as of the effective date of the resignation all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Judgment, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards,

certified mail, return receipt requested, in a form approved by the Board.

3. Within twenty-one (21) days after the date of entry of this Judgment, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Judgment and with bar disciplinary rules. Appended to the affidavit of compliance shall be:

a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b) a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Judgment any client, trust or fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession,

custody or control as of the entry date of this Judgment or thereafter;

 d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

 e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice;

 f) the residence or other street address where communications to the lawyer may thereafter be directed; and

 g) any and all bar registration cards issued to the lawyer by the Board of Bar Overseers.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

 4. Within twenty-one (21) days after the entry date of this Judgment, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

 a) a copy of the affidavit of compliance required by paragraph 3 of this Judgment;

 b) a list of all other state, federal and administrative jurisdictions to which the lawyer is

admitted to practice; and

    c)  the residence or other street address where communications to the lawyer may thereafter be directed.

                    By the Court, (Kafker, J.)

                    /s/ Maura S. Doyle
                    Clerk

Entered: December 6, 2021

A True Copy Attest

